UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: )<br>SHEILA M. ROBERTS )<br>)<br>Debtor )<br>) | Chapter 13<br><br>Case No. 07-21027 |

APPEARANCES:

Suzann L. Beckett, Esq. and Ryan A. Bauder, Esq.
Beckett Law LLC
543 Prospect Avenue, Hartford, CT 06105
Counsel for Debtor

Patrick Crook, Esq.
10 Columbus Boulevard, 6th Floor
Hartford, CT 06106
Counsel for Chapter 13 Trustee

Steven E. Mackey, Esq.
Office of the U.S. Trustee
Giamo Federal Building, 150 Court Street, Room 302, New Haven, CT 06510
Counsel for United States Trustee

RULING ON MOTION TO DETERMINE APPLICABLE

TRANSPORTATION OWNERSHIP EXPENSES UNDER 11 U.S.C. §707(B)(2)

KRECHEVSKY, U.S.B.J.

I.

Sheila M. Roberts ("the debtor"), on July 27, 2007, filed a Chapter 13 bankruptcy

petition, together with her proposed Chapter 13 plan and "Chapter 13 Statement of Current

Monthly Income and Calculation of Commitment Period and Disposable Income" ("Form

22C").[1]  Form 22C indicates that the debtor's income of $59,735.40 exceeds the median income of $53,553.00 for a one-person household in Connecticut. For an above-median Chapter 13 debtor, Form 22C applies the "means test" of Bankruptcy Code §707(b)(2)(A)(ii)(I) to determine the disposable income available to pay unsecured creditors under the debtor's plan.

The debtor owns one vehicle, a 1997 Nissan, which is not subject to any auto loan or lease payments. The issue presented is whether, under the means test, an above-median Chapter 13 debtor may deduct a transportation ownership expense for a vehicle she owns free and clear of any lease or encumbrances. The debtor maintains that she is so entitled and has completed her Form 22C accordingly. The Chapter 13 trustee ("the Trustee") has verbally objected and argues that such deduction is allowable only if the debtor is actually obligated to make lease or loan payments for the vehicle. The debtor, on September 24, 2007, filed the present motion to resolve this issue. None of the relevant facts are in dispute. The debtor has submitted initial and reply briefs in support of her position and the Trustee and the United States Trustee ("the UST") (together "the trustees") have submitted briefs in opposition thereto.

II.

The enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") made significant changes to the determination of the disposable income a Chapter 13 debtor with above median income must devote to the payment of unsecured creditors under her plan. Prior to BAPCPA, disposable income was a debtor's

---

[1] The court takes judicial notice of the documents filed with the court. A copy of the debtor's Form 22C is attached hereto.

2

actual projected income less those expenditures reasonably necessary for the maintenance and support of the debtor and her family. Whether an expense was reasonably necessary was left to the discretion of the court, in light of a debtor's particular circumstances. BAPCPA left this system in place for debtors with incomes at or below the applicable median, but sought to limit the bankruptcy court's discretion in regard to the expenditures permitted for above-median debtors. The current version of §1325 (Confirmation of plan) states, in relevant part:

> (b)(1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan–
>
> (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
>
> (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.
>
> (2) For purposes of this subsection, the term "disposable income" means current monthly income ... less amounts reasonably necessary to be expended–
>
> (A)(i) for the maintenance or support of the debtor or a dependent of the debtor...; and
>
> (ii) for charitable contributions...;
> ....
> (3) Amounts reasonably necessary to be expended under paragraph (2), other than subparagraph (A)(ii) of paragraph (2) shall be determined in accordance with subparagraphs (A) and (B) of section 707(b)(2), if the debtor has current monthly income, when multiplied by 12, greater than–
>
> (A) ... the median family income of the applicable State for [based upon the size of the debtor's household]....

Section 707(b)(2)(A)(ii)(I) ("the means test") specifies the expenses to be used both for the Chapter 7 means test and for the determination of disposable income for above-median

3

Chapter 13 debtors as follows:

> The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides....

11 U.S.C. §707(b)(2)(A)(ii)(I).

The Internal Revenue Service (the "IRS") periodically issues a series of Local and National Standards (the "IRS standards") for housing, transportation and miscellaneous (food, clothing, etc.) expenses. Form 22C, which is filed together with a Chapter 13 petition, sets forth the line-by-line procedure for calculating an above-median debtor's disposable income under §1325(b)(3), referencing the relevant standards. The IRS standards for transportation expenses consist of two components: (1) Local Standards for vehicle operation/ public transportation expenses ("operating" standards) and (2) Local Standards for vehicle ownership/lease expense ("ownership" standards).

At issue in this proceeding is whether the debtor may utilize the ownership deduction for a vehicle which she owns outright as of the petition date, i.e., on which she owes no future auto loan or lease payments. The debtor maintains that she may, and has included the $471 ownership standard as an expense deduction in determining her disposable income. The trustees argue that a debtor may deduct an expense for vehicle ownership only if she is making lease or loan payments for such vehicle.

III.

Courts that have considered the pending question are sharply divided with a small

4

majority presently favoring the debtor's position.[2] All the parties acknowledge that the issue presented is one of statutory construction. The debtor argues that the plain language of the statute (§707(b)(2)(A)(ii)(I)) supports her position, while the trustees argue that the statutory language is ambiguous and that the ownership standards should be applied in accordance with IRS practices, as set forth in the Internal Revenue Manual - Financial Analysis Handbook ("the IRM"). Both sides cite numerous cases in support of their positions.

Under well-settled principles of statutory construction, "[t]he plain meaning of legislation should be conclusive, except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290, 299 (1989) (citations and internal quotation marks omitted). "[W]e begin with the understanding that Congress 'says in a statute what it means and means in a statute what it says there.'" Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6, 120 S.Ct. 1942, 1947 (2000) (quoting Connecticut Nat. Bank v. Germain, 503 U.S. 249, 254, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992)).

Section 707(b)(2)(A)(ii)(I) provides that the debtor's expenses for transportation "shall be the debtor's applicable monthly expense amounts specified under the [IRS] standards." The trustees argue that the ownership standards are not "applicable" to a debtor who owns a vehicle for which she makes no loan or lease payments. The court finds the trustees' interpretation at odds with the plain language of the statute.

---

[2] The debtor's reply brief, dated January 3, 2008, cited approximately fifty opinions concerning this issue. See also In re Canales, 377 B.R. 658, 662 (Bankr. D.Cal. 2007) (listing cases on both sides); In re Wilson, 373 B.R. 638, 640-641 (Bankr. W.D.Ark. 2007) (same).

5

> The most natural reading of § 707(b)(2)(A)(ii)(I) is that "applicable" modifies "the amounts specified" in the "Local Standards"; thus, "it references both the region of the country in which the debtor lives and the selection that must be made between the two columns that appear in the Local Standards, one for the first car and one for the second car." In re Chamberlain, 369 B.R. 519 (Bankr. D.Ariz. 2007) (stating that "[i]t takes a tortured reading to make 'applicable' refer to anything else.").

In re Simms 2008 WL 217174, *15 -16 (Bankr. N.D.W.Va. 2008). Such standards are independent of the amounts, if any, actually being paid under an auto loan or lease.

> Nothing contained in Form [22C] or 11 U.S.C. §707(b)(2)(A)(ii)(I) requires that the Debtors must have current automobile ownership expense as a prerequisite to claiming the Local Standards deduction amount specified by the IRS. Requiring an existing vehicle payment as a prerequisite to entitlement to the Local Standards deduction amounts to a rewriting of the statute....

In re Wilson, 373 B.R. at 643-644.

The trustees argue that the IRS standards referenced in §707(b)(2)(A)(ii)(I) implicitly incorporate the IRS's interpretive guidelines set forth in the IRM. This court concludes otherwise. First, the language of the statute makes no reference to the IRM. On the contrary, reference to the IRM was included in an earlier draft of BAPCPA, but was omitted from the bill that was actually enacted. See In re Fowler, 349 B.R. 414, 419 (Bankr. D.Del. 2006).

Even more dispositive, however, is that the purpose for which the IRS uses the standards differs significantly from, and in some instances is in direct conflict with, their purpose under BAPCPA.

> The IRM and, in particular, the Financial Analysis Handbook portion of the IRM, provide guidance to IRS field agents working with taxpayers to resolve tax collection issues. See IRM 5.15.1.2. Presumably, the goal of the IRS employees using the IRM is to maximize revenue to the IRS without specific regard to taxpayers' other obligations to secured or unsecured creditors. Thus, the IRM and related Standards provide "caps" on the amount of secured debt payments which may be deducted when figuring what payments should be made to the IRS to pay delinquent taxes. IRM 5.15.1.7. These caps are set without regard to the actual amounts a taxpayer may be obligated to pay

secured creditors. The IRM directs IRS field agents to allow the lesser of the capped amount-the Standard-or the actual amount of the secured debt payment in calculating a tax payment arrangement. IRM 5.15.1.7(4).

Chapter 13 of the Bankruptcy Code, on the other hand, attempts to provide a structure for the repayment of all debts based on established priorities. Although certain tax debts receive priority, other tax debts may be paid as secured or unsecured claims and may also be discharged. 11 U.S.C. § 507(a)(8); 11 U.S.C. § 523(a)(1). For purposes of the Chapter 13 disposable income test and the Chapter 7 means test, all secured debt which is contractually due within the five-year period after filing may be deducted by debtors. 11 U.S.C. § 707(b)(2)(A)(iii); In re Carlton, 370 B.R. 188, 192 (Bankr. C.D.Ill.2007). There are no caps on such expenditures included in the statutory formulae for calculating either Chapter 13 disposable income or the Chapter 7 presumption of abuse. Id.

In re Moorman 376 B.R. 694, 697 (Bankr. C.D.Ill. 2007); See, also In re Fowler, 349 B.R. at 417-419 (IRM treats standards as a cap; means test treats standards as a fixed allowance).

For IRS' purposes, the standards are a maximum allowable expense; a delinquent taxpayer may claim the smaller of her actual loan or lease payment or the standard. Id. For a delinquent taxpayer with a loan or lease payment of $0, it follows that the applicable ownership expense (the smaller of $0 and $471) is 0. In the bankruptcy context, however, a debtor may deduct as transportation ownership expenses under §707(b)(2)(A)(ii) and (iii) the larger of her actual payments on the debt secured by her vehicle and the standard.[3] Thus, it follows logically that a debtor with an auto loan or lease payment of $0 is entitled to an ownership expense deduction equal to the standard (the larger of $0 and $471). Therefore, adopting the IRS procedures set forth in the IRM is both unauthorized by the plain language

---

[3] The full amount of any actual payments on debt secured by the debtor's vehicle are deducted on Form 22C at line 47. If the debtor's actual loan payments are less than the amount of the ownership standard of $471 at line 28(a), the excess of such standard over the debtor's actual loan payment (at line 28(b)) is deducted as an expense in line 28. Thus, the total of the vehicle deductions in lines 47 and 28 is the larger of the ownership standard and the actual loan payment. Debtors with a lease payment are entitled to a deduction of the ownership standard.

7

of BAPCPA, and is at odds with its purposes. "[T]he better reasoned decisions considering this issue have permitted debtors to deduct the amounts specified for the transportation ownership expense allowance even if they do not have an obligation to make car loan payments...." 6 Collier on Bankruptcy ¶707.05[2][c][i] (15th ed. rev. 2007). The court concludes that an above-median debtor's entitlement to a transportation ownership expense deduction is based upon the IRS standard for the area in which the debtor resides, based upon the number of vehicles owned by the debtor, regardless of whether the debtor is contractually obligated to make any lease or loan payments therefor.

IV.

In accordance with the forgoing discussion, the court concludes that the debtor is entitled to a transportation ownership deduction of $471.00, and that the objections of the trustees are overruled. It is

SO ORDERED.

Dated at Hartford, Connecticut this 28 day of February, 2008.

_____
ROBERT L. KRECHEVSKY
UNITED STATES BANKRUPTCY JUDGE

Form 22C (Chapter 13) (04/07)

In re **Shella M Roberts**
　　　　Debtor(s)

Case Number: _____
　　　　　　　　(If known)

According to the calculations required by this statement:
☐ The applicable commitment period is 3 years.
■ The applicable commitment period is 5 years.
■ Disposable income is determined under § 1325(b)(3).
☐ Disposable income is not determined under § 1325(b)(3).
(Check the boxes as directed in Lines 17 and 23 of this statement.)

## CHAPTER 13 STATEMENT OF CURRENT MONTHLY INCOME AND CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME

In addition to Schedules I and J, this statement must be completed by every individual Chapter 13 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

### Part I. REPORT OF INCOME

| # | Description | | Column A Debtor's Income | Column B Spouse's Income |
|---|---|---|---|---|
| 1 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ■ Unmarried. Complete only Column A ("Debtor's Income") for Lines 2-10.<br>b. ☐ Married. Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10. | | | |
| | All figures must reflect average monthly income received from all sources derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | | | |
| 2 | Gross wages, salary, tips, bonuses, overtime, commissions. | | $ 4,977.95 | $ |
| 3 | Income from the operation of a business, profession, or farm. Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. Do not enter a number less than zero. Do not include any part of the operating expenses entered on Line b as a deduction in Part IV. | Debtor / Spouse<br>a. Gross receipts $ 0.00 / $<br>b. Ordinary and necessary business expenses $ 0.00 / $<br>c. Business income Subtract Line b from Line a | | $ 0.00 | $ |
| 4 | Rents and other real property income. Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero. Do not include any part of the business expenses entered on Line b as a deduction in Part IV. | Debtor / Spouse<br>a. Gross receipts $ 0.00 / $<br>b. Ordinary and necessary operating expenses $ 0.00 / $<br>c. Rent and other real property income Subtract Line b from Line a | | $ 0.00 | $ |
| 5 | Interest, dividends, and royalties. | | $ 0.00 | $ |
| 6 | Pension and retirement income. | | $ 0.00 | $ |
| 7 | Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child or spousal support. Do not include amounts paid by the debtor's spouse. | | $ 0.00 | $ |
| 8 | Unemployment compensation. Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br>Unemployment compensation claimed to be a benefit under the Social Security Act　Debtor $ 0.00　Spouse $ | | $ 0.00 | $ |
| 9 | Income from all other sources. Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | Debtor / Spouse<br>a. _____ $ _____ / $ _____<br>b. _____ $ _____ / $ _____ | | $ 0.00 | $ |
| 10 | **Subtotal.** Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B. Enter the total(s). | | $ 4,977.95 | $ |
| 11 | **Total.** If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 10, Column A. | | $ | 4,977.95 |

Form 22C (Chapter 13) (04/07) - Cont.                                                                                               2

| Part II. CALCULATION OF § 1325(b)(4) COMMITMENT PERIOD | | |
|---|---|---|
| 12 | Enter the amount from Line 11 | $ 4,977.95 |
| 13 | **Marital Adjustment.** If you are married, but are not filing jointly with your spouse, AND if you contend that calculation of the commitment period under § 1325(b)(4) does not require inclusion of the income of your spouse, enter the amount of the income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of you or your dependents. Otherwise, enter zero. | $ 0.00 |
| 14 | Subtract Line 13 from Line 12 and enter the result. | $ 4,977.95 |
| 15 | **Annualized current monthly income for § 1325(b)(4).** Multiply the amount from Line 14 by the number 12 and enter the result. | $ 59,735.40 |
| 16 | **Applicable median family income.** Enter the median family income for applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)<br><br>a. Enter debtor's state of residence: __CT__   b. Enter debtor's household size: __1__ | $ 53,553.00 |
| 17 | Application of § 1325(b)(4). Check the applicable box and proceed as directed<br><br>☐ The amount on Line 15 is less than the amount on Line 16. Check the box for "The applicable commitment period is 3 years" at the top of page 1 of this statement and continue with this statement.<br><br>■ The amount on Line 15 is not less than the amount on Line 16. Check the box for "The applicable commitment period is 5 years" at the top of page 1 of this statement and continue with this statement. | |
| **Part III. APPLICATION OF § 1325(b)(3) FOR DETERMINING DISPOSABLE INCOME** | | |
| 18 | Enter the amount from Line 11. | $ 4,977.95 |
| 19 | **Marital Adjustment.** If you are married, but are not filing jointly with your spouse, enter the amount of the income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of you or your dependents. If you are unmarried or married and filing jointly with your spouse, enter zero. | $ 0.00 |
| 20 | **Current monthly income for § 1325(b)(3).** Subtract Line 19 from Line 18 and enter the result. | $ 4,977.95 |
| 21 | **Annualized current monthly income for § 1325(b)(3).** Multiply the amount from Line 20 by the number 12 and enter the result. | $ 59,735.40 |
| 22 | **Applicable median family income.** Enter the amount from Line 6. | $ 53,553.00 |
| 23 | Application of § 1325(b)(3). Check the applicable box and proceed as directed.<br><br>■ The amount on Line 21 is more than the amount on Line 22. Check the box for "Disposable income is determined under § 1325(b)(3)" at the top of page 1 of this statement and complete the remaining parts of this statement.<br><br>☐ The amount on Line 21 is not more than the amount on Line 22. Check the box for "Disposable income is not determined under § 1325(b)(3)" at the top of page 1 of this statement and complete Part VII of this statement. Do not complete Parts IV, V, or VI. | |

| Part IV. CALCULATION OF DEDUCTIONS ALLOWED UNDER § 707(b)(2) | | |
|---|---|---|
| **Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)** | | |
| 24 | **National Standards: food, clothing, household supplies, personal care, and miscellaneous.** Enter the "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable family size and income level. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ 703.00 |
| 25A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ 425.00 |

Form 22C (Chapter 13) (04/07) - Cont. 3

| | | | | |
|---|---|---|---|---|
| 25B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 47; subtract Line b from Line a and enter the result in Line 25B. Do not enter an amount less than zero. | | | |
| | a. | IRS Housing and Utilities Standards; mortgage/rent Expense | $ 1,007.00 | |
| | b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 47 | $ 597.68 | |
| | c. | Net mortgage/rental expense | Subtract Line b from Line a. | $ 409.32 |
| 26 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 25A and 25B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | | | $ 0.00 |
| 27 | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation. Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 7. ☐ 0  ■ 1  ☐ 2 or more. Enter the amount from IRS Transportation Standards, Operating Costs & Public Transportation Costs for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | | | $ 311.00 |
| 28 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) ■ 1  ☐ 2 or more. Enter, in Line a below, the amount of the IRS Transportation Standards, Ownership Costs, First Car (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 47; subtract Line b from Line a and enter the result in Line 28. Do not enter an amount less than zero. | | | |
| | a. | IRS Transportation Standards, Ownership Costs, First Car | 471.00 | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 47 | 0.00 | |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | $ 471.00 |
| 29 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 28. Enter, in Line a below, the amount of the IRS Transportation Standards, Ownership Costs, Second Car (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 47; subtract Line b from Line a and enter the result in Line 29. Do not enter an amount less than zero. | | | |
| | a. | IRS Transportation Standards, Ownership Costs, Second Car | 0.00 | |
| | b | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 47 | 0.00 | |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. | $ 0.00 |
| 30 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state, and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. Do not include real estate or sales taxes. | | | $ 1,444.17 |
| 31 | **Other Necessary Expenses: mandatory payroll deductions.** Enter the total average monthly payroll deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs. Do not include discretionary amounts, such as non-mandatory 401(k) contributions. | | | $ 43.33 |

Form 22C (Chapter 13) (04/07) - Cont. 4

| | | |
|---|---|---|
| 32 | **Other Necessary Expenses: life insurance.** Enter average monthly premiums that you actually pay for term life insurance for yourself. Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance. | $ 16.47 |
| 33 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to court order, such as spousal or child support payments. Do not include payments on past due support obligations included in line 49. | $ 0.00 |
| 34 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ 0.00 |
| 35 | **Other Necessary Expenses: childcare.** Enter the average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool. Do not include other educational payments. | $ 0.00 |
| 36 | **Other Necessary Expenses: health care.** Enter the average monthly amount that you actually expend on health care expenses that are not reimbursed by insurance or paid by a health savings account. Do not include payments for health insurance listed in Line 39. | $ 135.00 |
| 37 | **Other Necessary Expenses: telecommunication services.** Enter the average monthly amount that you actually pay for telecommunication services other than your basic home telephone service - such as cell phones, pagers, call waiting, caller id, special long distance, or Internet service-to the extent necessary for your health and welfare or that of your dependents. Do not include any amount previously deducted. | $ 73.00 |
| 38 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 24 through 37. | $ 4,031.29 |

**Subpart B: Additional Expense Deductions under § 707(b)**

**Note: Do not include any expenses that you have listed in Lines 24-37**

| | | | | | |
|---|---|---|---|---|---|
| 39 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List and total the average monthly amounts that you actually pay for yourself, your spouse, or your dependents in the following categories. | | | | |
| | a | Health Insurance | $ | 29.06 | |
| | b. | Disability Insurance | $ | 0.00 | |
| | c | Health Savings Account | $ | 0.00 | |
| | | | Total: Add Lines a, b, and c | | $ 29.06 |
| 40 | **Continued contributions to the care of household or family members.** Enter the actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. Do not include payments listed in Line 34. | | | | $ 0.00 |
| 41 | **Protection against family violence.** Enter any average monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | | | | $ 0.00 |
| 42 | **Home energy costs.** Enter the average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. You must provide your case trustee with documentation demonstrating that the additional amount claimed is reasonable and necessary. | | | | $ 0.00 |
| 43 | **Education expenses for dependent children less than 18.** Enter the average monthly expenses that you actually incur, not to exceed $137.50 per child, in providing elementary and secondary education for your dependent children less than 18 years of age. You must provide your case trustee with documentation demonstrating that the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards. | | | | $ 0.00 |
| 44 | **Additional food and clothing expense.** Enter the average monthly amount by which your food and clothing expenses exceed the combined allowances for food and apparel in the IRS National Standards, not to exceed five percent of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) You must provide your case trustee with documentation demonstrating that the additional amount claimed is reasonable and necessary. | | | | $ 0.00 |
| 45 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | | | | $ 35.00 |
| 46 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 39 through 45. | | | | $ 64.06 |

Form 22C (Chapter 13) (04/07) - Cont. 5

| | Subpart C: Deductions for Debt Payment | | | | |
|---|---|---|---|---|---|
| 47 | Future payments on secured claims. For each of your debts that is secured by an interest in property that you own, list the name of creditor, identify the property securing the debt and state the Average Monthly Payment. The Average Monthly Payment is the total of all amounts contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. Mortgage debts should include payments of taxes and insurance required by the mortgage. If necessary, list additional entries on a separate page. | | | | |
| | | Name of Creditor | Property Securing the Debt | 60-month Average Payment | |
| | a | Chif | Primary Residence: 371 Emmitt St., #29 Bristol, CT 06010 | $ 29.68 | |
| | b. | Mccue Mortgage Company | Primary Residence: 371 Emmitt St., #29 Bristol, CT 06010 | $ 568.00 | |
| | | | | Total: Add Lines | $ 597.68 |
| 48 | Other payments on secured claims. If any of debts listed in Line 47 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 47, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | | | | |
| | | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount | |
| | a. | Mccue Mortgage Company | Primary Residence: 371 Emmitt St., #29 Bristol, CT 06010 | $ 9.47 | |
| | | | | Total: Add Lines | $ 9.47 |
| 49 | Payments on priority claims. Enter the total amount of all priority claims (including priority child support and alimony claims), divided by 60. | | | | $ 0.00 |
| 50 | Chapter 13 administrative expenses. Multiply the amount in Line a by the amount in Line b, and enter the resulting administrative expense. | | | | |
| | a | Projected average monthly Chapter 13 plan payment. | | $ 0.00 | |
| | b. | Current multiplier for your district as determined under schedule issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | | x 7.30 | |
| | c | Average monthly administrative expense of Chapter 13 case | | Total: Multiply Lines a and b | $ 0.00 |
| 51 | Total Deductions for Debt Payment. Enter the total of Lines 47 through 50. | | | | $ 607.15 |
| | Subpart D: Total Deductions Allowed under § 707(b)(2) | | | | |
| 52 | Total of all deductions allowed under § 707(b)(2). Enter the total of Lines 39, 46, and 51. | | | | $ 4,702.50 |

| | Part V. DETERMINATION OF DISPOSABLE INCOME UNDER § 1325(b)(2) | |
|---|---|---|
| 53 | Total current monthly income. Enter the amount from Line 20. | $ 4,977.95 |
| 54 | Support income. Enter the monthly average of any child support payments, foster care payments, or disability payments for a dependent child, included in Line 7, that you received in accordance with applicable nonbankruptcy law, to the extent reasonably necessary to be expended for such child. | $ 0.00 |
| 55 | Qualified retirement deductions. Enter the monthly average of a) all contributions or wage deductions made to qualified retirement plans, as specified in § 541(b)(7) and (b) all repayments of loans from retirement plans, as specified in § 362(b)(19). | $ 195.00 |
| 56 | Total of all deductions allowed under § 707(b)(2). Enter the amount from Line 52. | $ 4,702.50 |
| 57 | Total adjustments to determine disposable income. Add the amounts on Lines 54, 55, and 56 and enter the result. | $ 4,897.50 |
| 58 | Monthly Disposable Income Under § 1325(b)(2). Subtract Line 57 from Line 53 and enter the result. | $ 80.45 |

Form 22C (Chapter 13) (04/07) - Cont. 6

| | Part VI. ADDITIONAL EXPENSE CLAIMS | |
|---|---|---|
| 59 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. | |
| | Expense Description | Monthly Amount |
| | a. | $ |
| | b. | $ |
| | c. | $ |
| | d. | $ |
| | Total: Add Lines a, b, c and d | $ |

| | Part VII. VERIFICATION |
|---|---|
| 60 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this is a joint case, both debtors must sign.)* Date: July 16, 2007    Signature: /s/ Sheila M Roberts<br>Sheila M Roberts<br>(Debtor) |